State vs. Revells.

## No. 8639.

### THE STATE OF LOUISIANA VS. HENRY REVELLS.

Where, after a criminal case is taken up for trial and the jury is being impanelled, the regular venire is exhausted, the trial Judge is authorized to order the summoning of talesmen from the bystanders in the courthouse and in proximity thereto. And where the sheriff summons a talesman from the bystanders in the vicinity of the courthouse and nearest thereto after the court has adjourned, on the day and on the next morning thereafter, before the court resumes its session, the summons is regular, and the juror, if not otherwise disqualified, competent.

Where the juror, examined on his *voir dire*, says he has no fixed opinion touching the guilt or innocence of the accused, and no bias or prejudice against him, he is competent, though he may previously have had an opinion or impression on the subject, where it appears that such opinion or impression will yield to the evidence in the case.

Though an accused be under arrest, his confession to one of those arresting and guarding him may be admitted against him where it was not induced by promises or threats, but appears free and voluntary.

APPEAL from the Eighth District Court, Parish of East Carroll. *Hawkes,* Judge *ad hoc.*

· *J. C. Egan,* Attorney General, for the State, Appellee :

1. Tales-jurors may be summoned to serve from outside the presence of the court when it becomes necessary to have their services. Sec. 7, Act 44 of 1877, p. 57; 5 An. 316; 1 Chitty's Crim. Law, p. 218; 14 An. 464; 23 An. 148; 26 An. 47.

2. A juror whose opinion is not fixed and deliberate, is competent to serve if he is not otherwise incapacitated. 32 An. 1101; 14 An. 462; 22 An. 43; 23 An. 148; 33 An. 889.

3. The confession of accused, made while under arrest, is admissible in evidence, if made voluntarily. 3 An. 497; 12 An. 895; 15 An. 568; 16 An. 377; 34 An. 149, etc.

*Chas. M. Pilcher* for Defendant and Appellant:

1. Where, on account of challenges, absence of jurymen or other legal excuse, the jury is not complete, the court shall order the sheriff to summon a certain number of persons present, having the legal qualifications, in order to complete it. C. P. 513 ; 3 Vol. Black, 365.

2. Where the jury cannot be completed by summoning bystanders, recourse may then be had to other persons not within the presence of the court. 26 An. 46; 14 An. 464. It is the duty of the Judge to order tales-jurors to be summoned from amongst persons present in the court, and others cannot be summoned till the bystanders have been exhausted. 32 An. 1000.

3. Where the petit jury has not been drawn in the mode prescribed by law, the trial, convictions and sentence, and the person stands as though he had never been tried. 20 An. 356.

4. Where jurors have formed an opinion as to the guilt or innocence of the accused previous to their being sworn as jurors for his trial, such jurors are incompetent. Strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them, and which will combat and resist its force, constitute a sufficient objection. 8 Rob. 537.

5. Where a juror has formed a fixed opinion in regard to the guilt or innocence of the accused, but that said opinion would yield to testimony showing the facts to be different from what he had heard, he is an incompetent juror. 32 An. 1101.

6. The confessions of the prisoner while in the hands of a party of armed men, who had kidnapped him in the State of Mississippi and brought him to Louisiana, were not voluntary confessions of guilt. The circumstance of his capture was such as to inspire fear and alarm, and at no time while in the hands of his said captors could he with deliberation and voluntarily make a solemn declaration of this character. 25 An. 192; State vs. Garvey and Earle, 28 An. 925; 34 An. 381, State vs. Revells.

7. When, from the whole case as presented, the Supreme Court is left with the impression that there may have been irregularities in the trial, although all the points made by the accused have been properly ruled against him, the case will be remanded for a new trial. 30 An., State vs. Gunter.

The opinion of the Court was delivered by

Todd, J. The defendant was indicted for murder, found guilty and sentenced to death, and has appealed.

During the progress of the trial there were five bills of exception taken, which appear in the record and which are relied on alone to reverse the sentence.

1. The first shows the following facts and proceedings:

That when the case was called for trial, in the impanelling of the jury the regular venire was exhausted. That twenty-nine talesmen were, by direction of the court, summoned and examined, some of whom were challenged for cause and some peremptorily, leaving the jury still incomplete. That the sheriff was then ordered to summon fifteen additional talesmen from the bystanders in the courthouse and vicinity, and the court then adjourned for the day.

On the following morning, after the hour for the opening of the court but before the court had resumed its session, the sheriff finding no persons at or in the courthouse who had not already been examined as regular or tales-jurors, except one whom he summoned, proceeded from the courthouse into the town in which the courthouse was situated and summoned, as he came to them, those in the vicinity and nearest to the courthouse, until he had summoned the requisite number.

Among those thus summoned was one Andrew J. Porter. This juror was objected to on the ground that he was improperly summoned, because he was "away from the courthouse at the time of summons." This objection was overruled by the court.

There was no error in this ruling. Section 7 of Act 44 of 1877, after authorizing the District Judge, whenever he thinks proper, to require

the Jury Commission to draw additional jurors, either as regular jurors or as talesmen, further provides (quoting) : " but nothing herein shall be construed so as to limit the right of the Judge to order the summoning of talesmen from among the bystanders or persons in proximity to the courthouse."

Even before the passage of this Act, the right of the Judge, as exercised in this instance, has been substantially recognized by adjudications of this Court.   State vs. Bunger, 14 An. 464; State vs. Caulfield et al., 23 An. 148 ; State vs. Gallagher, 26 An. 46.

It is not essential that the court should be in actual session whilst the sheriff is summoning the talesmen required under the order, as argued by the defendant's counsel, though no such objection appears in the bill.   The only question raised by the bill was as to the alleged incapacity of the juror mentioned, because of being away from the courthouse when summoned.   The order of the Judge did not confine the summoning of talesmen to bystanders alone, but gave the sheriff authority to summon those also in proximity to the courthouse.   The Judge had the right to grant such order, and the juror was summoned in the vicinity of the courthouse and nearest thereto, as the record shows.

2.   The next three bills were taken to the rulings of the Judge touching the competency of certain jurors.   These jurors were challenged as incompetent, by reason of having formed and expressed opinions touching the guilt or innocence of the accused.   We have attentively examined the bills and are satisfied, from the answers of the jurors on their *voir dire*, that they had no fixed opinions at the time on the subject, that their answers to the questions asked them showed that they would be governed in their verdict by the evidence, and that they were without bias or prejudice against the accused.   In short, they came under no rule of exclusion known to the law.   State vs. Johnson, 33 An. 889; 14 An. 462.

3.   The last bill was taken to the admission in evidence of the prisoner's confession.   It is shown that, although at the time of the confession the accused was under arrest, there was no promise held out, no threat made, or other improper influence used to induce the confession. It was, according to the proof, free and voluntary.   Its admission was clearly authorized under the rule laid down and doctrine enunciated on this point in the case of State vs. Maimée Alphonse, 34 An. 11, supported by the authorities therein cited.

This completes the review of the case, as the record presents it, and we can find nothing therein that can afford the accused any ground of relief.

Judgment and sentence affirmed with costs.